SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
NIALL M. O'DONNELL
DAVID A. BYBEE
JENNIFER L. FARER
Trial Attorneys, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Ave NW
    Washington, District of Columbia 20530
    Telephone:  (202) 353-2526
    E-mail:  Jennifer.Farer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>DOROTHY MATSUBA, *et al.*,<br><br>        Defendants. | No. CR 16-538-RGK<br><br>GOVERNMENT'S OMNIBUS MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE<br><br>**DATE:**<br>**TIME:**<br>**JUDGE: Hon. R. Gary Klausner**<br><br>**TRIAL DATE: December 5, 2017** |

The United States, by and through its counsel of record, files this Omnibus Motion *in Limine* to Exclude Irrelevant and Prejudicial Evidence, asking the Court to exclude the following:

1) Evidence and argument regarding the Government's charging decisions as to uncharged co-conspirators;

2) Evidence and argument offered as a defense to the fraud charges that the mortgage lenders or servicers were negligent, failed to properly investigate submissions, did not act consistent with internal policies and procedures or standard banking practices, or that the lenders or servicers

      would have made the same decisions even if they knew about the false submissions;

3) Evidence and argument as to the types of events hosted by renter Heidi Ransom; and

4) Evidence and argument as to the potential penalties if Defendants are convicted.

This Omnibus Motion is based on the attached Memorandum of Points and Authorities, the case files and records in this matter, and any evidence and argument as this Court may entertain on this matter.

Dated: November 14, 2017        Respectfully submitted,

SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

/s/ Jennifer L. Farer
NIALL M. O'DONNELL
DAVID A. BYBEE
JENNIFER L. FARER
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  BACKGROUND**

The 18-count indictment, filed on August 9, 2016 and unsealed on October 21, 2016, alleges that Defendants Dorothy Matsuba, Young Park, Jane Matsuba-Garcia, Jamie Matsuba, and Thomas Matsuba operated a massive mortgage foreclosure rescue scheme.  The Defendants and their co-conspirators (collectively, "Conspirators") misrepresented to distressed homeowners that they would help the homeowners avoid foreclosure by coordinating a "short sale" for their properties, where the Conspirators would negotiate a sale of the property to a third party for less than the balance owed on the mortgage.  Based on the Conspirators' misrepresentations, these distressed homeowners transferred title for the distressed properties to trusts controlled by the Conspirators to facilitate these purported short sales.  However, instead of coordinating short sales as represented, the Conspirators leased these properties to third parties and collected the rent for themselves.  The Conspirators did not make mortgage payments on the properties after the properties were transferred to trusts under their control.

The Conspirators then used various deceptive tactics to cause the lenders to delay foreclosure on the distressed properties, so the Conspirators could continue to collect rent.  These tactics included: (1) fabricating short sale purchase offers for the distressed properties, including obtaining and using stolen and fictitious identities on false mortgage and purchase applications, and submitting those to lenders and servicers; (2) falsifying financial and tax statements in the names of the distressed borrowers, including by forging their signatures; (3) filing bankruptcy

petitions in the names of distressed borrowers, including by forging their signatures; and (4) filing fictitious liens on the distressed properties.

The Defendants are charged with Conspiracy to Commit Wire Fraud, False Statements in Connection with Loan Applications, and Identity Theft in violation of 18 U.S.C. § 371; Wire Fraud in violation of 18 U.S.C. § 1343; False Statements in Connection with Loan Applications in violation of 18 U.S.C. § 1014; and/or Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.  Defendant Jane Matsuba-Garcia pled guilty to Counts 1 and 9 of the Indictment and a Single-Count Superseding Information; Defendant Young Park remains a fugitive. Trial is scheduled to begin as to the remaining Defendants on December 5, 2017.

**II.  ARGUMENT**

The Court should exclude evidence and argument that is irrelevant under Federal Rule of Evidence 402 or unfairly prejudicial, with a danger of confusing the issues and misleading the jury, under Federal Rule of Evidence 403.

"Relevant evidence" is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  If evidence is not relevant, it is not admissible.  Fed. R. Evid. 402.

Moreover, even if evidence is relevant, it may still be excluded.  Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ."  Fed. R. Evid. 403.  The Ninth Circuit has explained that

2

evidence is unfairly prejudicial if it tends to cause the jury to render a verdict based on considerations other than the defendant's guilt or innocence of the crime charged. *United States v. Ramirez-Jimenez*, 967 F.2d 1321, 1327 (9th Cir. 1992).

### A. The Court Should Preclude Evidence or Argument Regarding the Government's Charging Decisions as to Uncharged Co-Conspirators.

Evidence and argument as to the Government's decision not to charge other individuals who participated in the charged fraud scheme is not relevant and is unfairly prejudicial, and, therefore, is inadmissible and should be precluded from trial.

Although a defendant is entitled to impeach Government witnesses on cross-examination, "the government's charging decisions are not proper subjects for cross-examination and argument" because charging decisions are not relevant to the issue of a defendant's guilt or innocence. *United States v. Re*, 401 F.3d 828, 832-33 (7th Cir. 2005).

During the investigation, law enforcement gathered evidence on but did not ultimately charge other individuals, aside from Defendants, who may have engaged in the same criminal conspiracy. The Government may call some of these individuals as witnesses at trial. The Government's decisions not to charge certain alleged co-conspirators have no bearing on the contested facts of this case or Defendants' own conduct and will not shed any light on whether the charged Defendants committed the crimes charged in the Indictment. Thus, argument or evidence about the Government's decision to charge

3

or not charge other alleged co-conspirators remains irrelevant and inadmissible.

Moreover, even assuming evidence concerning the Government's decision not to charge certain co-conspirators were deemed relevant, it is still inadmissible under Rule 403, as any theoretical probative value of evidence involving the Government's decision not to charge certain co-conspirators would be substantially outweighed by the danger of unfair prejudice and misleading and confusing the jury. The jury would shift their focus to the Government's charging decisions for uncharged coconspirators as opposed to the alleged conduct of the charged Defendants. The jury's charge is to evaluate whether Defendants committed the crimes charged in the Indictment. Introduction of argument or evidence concerning the Government's charging decisions would serve little, if any, purpose other than to incite the sympathies of the jury in furtherance of jury nullification. As the Ninth Circuit has stated, a trial court should intercede when a defendant's arguments support jury nullification. *United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008).

Accordingly, evidence or argument concerning the Government's charging decisions should be precluded from trial.

**B.  The Court Should Exclude Evidence and Argument About Lender Negligence or Fault.**

Any evidence or argument offered as a defense to the fraud charges that the mortgage lenders or servicers were negligent, failed to investigate the various bank submissions or follow internal or standard banking policies and procedures, or that they would have made the same decisions even if they knew the submissions were false, is irrelevant, unfairly prejudicial and, therefore is inadmissible

4

and should be precluded. In short, Defendants should not be able to blame the mortgage lenders and servicers and divert the attention of the jury in the face of their own deliberate misconduct.

To obtain a conviction for wire fraud, the government must prove the defendant's falsehoods were material. *Neder v. United States*, 527 U.S. 1, 25 (1999). However, actual reliance is not necessary to satisfy this materiality element. *Id.* at 24-25. Rather, a false statement is material if it has "a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed." *Id.* at 16 (quoting *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (internal quotation marks omitted)); *United States v. Lindsey*, 850 F.3d 1009, 1019 (9th Cir. 2017) (applying standard in context of loan applications). "Capable of influencing" is an objective test, which looks at "the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end." *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008) (quoting *United States v. Facchini*, 832 F.2d 1159, 1162 (9th Cir. 1987)). Thus, a misrepresentation may be material without inducing actual reliance; what is important is "the intent of the person making the statement that it be in furtherance of some fraudulent purpose." *Blixt*, 548 F.3d at 889. Therefore, it is no defense to fraud that the victim of the fraud was negligent, gullible, or incompetent. *See id.* (evaluating the standard under the mail fraud statute).

Accordingly, various Ninth Circuit courts have excluded evidence of lender negligence or misconduct as a defense to fraud in prosecutions for wire fraud involving false submissions to banks. *See, e.g.*, *Lindsey*, 850 F.3d at 1019; *United States v. George*, Case

No. ED CR 12-00065-VAP, 2015 WL 13450249, at *3 (C.D. Cal. Apr. 24, 2015); *United States v. Haischer*, No. 2:11-cr-00267, 2012 WL 5288006, at *3 (D. Nev. Oct. 24, 2012).

Applying these principles to this case, Defendants should not be permitted to introduce evidence or argue that the lenders or servicers intentionally disregarded falsehoods; were negligent in their evaluation and investigation of the conspirators' submissions containing various falsehoods; did not follow internal or standard banking policies, practices, and procedures; or that they would have made the same decisions even if they had known about the falsehoods. Evidence as to the lenders' or servicers' conduct has no bearing on any element of the crimes charged, as it does not tend to prove or disprove whether Defendants knowingly participated in a scheme to defraud, caused wires to be used in furtherance of the scheme, or acted with the intent to defraud, and it does not tend to prove or disprove that the false statements were material.  Accordingly, any such evidence is irrelevant and inadmissible under Rule 402.

Even assuming any minimal probative value, any evidence or argument that the lenders or servicers were negligent or acted with intentional disregard, acted inconsistent with internal or standard bank policies and procedures, or would have made the same decisions even if they had known about the misrepresentations should be precluded under Rule 403 because any theoretical probative value is substantially outweighed by the danger of unfair prejudice and the likelihood of confusing and misleading the jury about the relevant issues.  Such evidence and argument will improperly divert the jury's attention from Defendants' misconduct to that of the lenders or servicers and cause the jury to waste time evaluating the lenders' or

servicers' conduct and overall underwriting practices and whether the conspirators' false submissions impacted the lenders' or servicers' decisions. The jury should be focused only on whether evidence of Defendants' misconduct satisfies the elements of the charged crimes. Because the wire fraud statute does not require a showing of actual reliance and there is a very real danger of unfair prejudice and confusing the jury, the Court should prohibit any evidence or argument that the lenders or servicers were negligent or failed to comply with internal or standard banking practices, policies, and procedures and that they would have made the same determinations even if they had been aware of the false statements in the various submissions.

**C. The Court Should Preclude Any Evidence or Argument Concerning the Types of Events Hosted by Renter Heidi Ransom.**

Ms. Heidi Ransom is an event planner who rented a property controlled by Defendants on Edna Road in Murrieta, California. At trial, the Government intends to introduce evidence that Defendants used Heidi Ransom's name and forged her signature without her knowledge or consent on false documents submitted to banks in furtherance of their fraudulent scheme, including in connection with the Radford Avenue property charged in the Indictment. Such evidence is relevant to the charged conduct.

Defendants should be precluded from offering evidence as to the types of events hosted by Ms. Ransom as a defense to this evidence or in an effort to impeach Ms. Ransom. In particular, in addition to the traditional weddings, showers, and receptions, Ms. Ransom hosts

7

"Life Style Events," parties involving preferred activities of the swinger community. The events do not involve any illegal conduct. Evidence regarding Ms. Ransom's hosting of "Life Style Events" is not relevant because it has no bearing on the contested facts of this case or Defendants' own conduct and will not shed any light on whether the charged Defendants committed the crimes charged in the Indictment. Moreover, Ms. Ransom's hosting of these events has no bearing on her character for truthfulness and, therefore, reference to or extrinsic of Ms. Ransom's hosting of these events is inadmissible under Federal Rule of Evidence 608. Finally, even assuming evidence of these events has any probative value to the issues in this case, introduction of this evidence is unfairly prejudicial and would outweigh any potential probative value, as jurors' attention would be diverted from Ms. Ransom's testimony about Defendants' conduct to an improper evaluation of Ms. Ransom's credibility based on her hosting of these events rather than on evidence associated with her character for truthfulness. Accordingly, because evidence concerning the types of events Ms. Ransom hosts is irrelevant, does not pertain to her truthfulness, and is unfairly prejudicial, it is inadmissible and should be precluded.

### D. The Court Should Preclude Any Reference to Potential Penalties of Defendants are Convicted.

Defendants should be prohibited from making any reference to the potential penalties they may suffer if convicted of one or more of the charges, including the sentencing impact of the loss amount or minimum sentence associated with the aggravated identity theft

8

charges, because such references are irrelevant and unfairly prejudicial, with a real danger of confusing the jury and motivating emotional responses rather than deliberative findings.  "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Larson*, 495 F.3d 1094, 1105 (9th Cir. 2007) (quoting *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) (internal quotation marks omitted)).  Accordingly, a jury is not permitted to consider punishment in deciding whether the Government has proven its case against the defendants beyond a reasonable doubt, and the Ninth Circuit Model Criminal Jury Instruction 7.4 instructs jurors that "[y]ou may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt." Ninth Cir. Model Crim. Jury Instr. No. 7.4.  Information about potential penalties draws the attention of the jury away from their sole function — the trier of facts; it confuses the issues to be decided and opens the door to compromise verdicts and jury nullification.  *See United States v. Larson*, 495 F.3d 1094, 1105 (9th Cir. 2007); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991).  Any such argument or reference would be an improper attempt to unduly influence the jury by sympathy for the Defendants to encourage possible jury nullification to the unfair prejudice of the United States and, therefore, should be prohibited.

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court grant the Government's Motion and exclude the following as irrelevant and unfairly prejudicial:

9

1) Evidence and argument regarding the Government's charging decisions as to uncharged co-conspirators;

2) Evidence and argument offered as a defense to the fraud charges that the mortgage lenders or servicers were negligent, failed to properly investigate the submissions, did not act consistent with internal policies and procedures or standard banking practices, or the lenders or servicers would have made the same determinations even if they had known about Defendants' misrepresentations;

3) Evidence and argument concerning the types of events hosted by renter Heidi Ransom; and

4) Evidence and argument concerning Defendants' potential penalties if convicted.

Date: November 14, 2017                    Respectfully submitted,

                                           SANDRA MOSER
                                           Acting Chief, Fraud Section
                                           Criminal Division
                                           U.S. Department of Justice


                                           /s/ Jennifer L. Farer
                                           NIALL M. O'DONNELL
                                           DAVID A. BYBEE
                                           JENNIFER L/ FARER
                                           Trial Attorneys
                                           Fraud Section, Criminal Division
                                           U.S. Department of Justice


                                           Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA